UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23791-CIV-MOORE / TORRES

RALLY MANUFACTURING, INC.,

      Plaintiff,

vs.

FEDERAL-MOGUL CORPORATION

      Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

This matter is before the Court on Plaintiff Rally Manufacturing, Inc.'s ("Rally") Motion to Compel, [D.E. 87] and Defendant Federal-Mogul Corporation's ("FM") Response thereto, [D.E. 104]. Upon consideration of the Motion and Response, the Court hereby denies Rally's Motion to Compel.

## *I. BACKGROUND*

This lawsuit stems from Rally's Complaint for infringement of U.S. Patent No. 6,279,746 ("the '746 Patent") under 35 U.S.C. § 271. [D.E. 1 at ¶ 5]. Rally claims that as a result of its in-house design efforts, Rally obtained the '746 Patent on August 28, 2001 and that FM imports, sells, distributes, and offers for sale packaging for wiper blades covered by the '746 Patent. [D.E. 1 at ¶ 8, ¶17]. In its Answer, FM denies that the '746 Patent is enforceable and states that FM has not infringed any valid claim of the '746 Patent. [D.E. 33]. Additionally, FM has filed a counterclaim alleging that the

'746 Patent is invalid for failing to meet the conditions of patenability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, 112, and 116. [D.E. 33].

In the course of discovery, FM produced document FM00354 on February 9, 2011 in response to Rally's Request for Production. [D.E. 87 at 8]. Testimony about the document was taken on April 13, 2011 during the deposition of FM's 30(b)(6) representative. [D.E. 87 at 7]. The witness testified about document FM00354 and at the end of his testimony counsel stated:

> MR. ARTZ: I'd like to go on the record that may be a document that's protected by the privilege and, if so, we'll have to get it back.
>
> MR. WHITE: Oh, sure.
>
> MR. ARTZ: I don't know. I'll check on that [a privilege] and let you know.
>
> MR. WHITE: Sure.

[D.E. 87 at 7-8]. On April 26, 2011, in accordance with the Protective Order [D.E. 35], FM requested the return of the document based on inadvertent production and the attorney-client privilege. Rally promptly returned the document but now moves for an order compelling its production. Alternatively, Rally requests that the Court conduct an *in camera* inspection to determine whether the document is in fact privileged. [D.E. 87 at 2].

## II. ANALYSIS

The federal common law of privilege applies to all claims in a federal question case. *See Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992)**.** A claim of attorney-client privilege requires proof of the following elements:

> Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived.

*Provenzano v. Singletary*, 3 F. Supp. 2d 1353, 1366 (M.D. Fla. 1997), *aff'd*, 148 F.3d 1327 (11th Cir. 1998) (quoting *Int'l Tel. & Tel. Corp. v. United Tel. Co.*, 60 F.R.D. 177, 184-85 (M.D. Fla. 1973)). The party asserting the privilege has the burden of proving the existence of the privilege. *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). The privilege extends to communications from an attorney to his client, as well as the reverse. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, No. 6:07-cv-1323-Orl-22KRS, 2009 WL 331608 at *2 (M.D. Fla. Feb. 10, 2009) (citing *United States v. Pepper's Steel & Alloys, Inc.*, No. 87-1306-CV, 1991 WL 1302864, at *3 (S.D. Fla. Mar. 19, 1991)).

When a corporation is a client, communications between any corporate employee, acting within the scope of his corporate duties, and an attorney for the corporation through which the corporation may obtain legal advice, may be privileged. *Id.* at *2 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 394, 101 S.Ct. 677, 66 L. Ed. 2d 584 (1981)). Additionally, "the protection of the privilege extends only to communications and not to facts . . . The client cannot be compelled to answer the question, 'what did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication with his attorney.'" *Upjohn Co.*, 449 U.S. at 395-96 (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (1962)).

In this instance, Rally moves for an order compelling the production of document FM00354. However, FM argues that document FM00354 is privileged as demonstrated by the Declaration of MaryAnn Perttunen, former in-house counsel for FM. Ms. Perttunen's Declaration establishes the following pertinent information: (1) on January 5, 2010, FM's legal department received a letter from Mr. Joseph Berenato, the patent counsel for Rally, referring to the '746 Patent; (2) in response, Ms. Perttunen took steps to investigate the matter and corresponded internally with management persons at FM; and (3) Document 00354 was one of the responses sent to Ms. Perttunen by one of the FM persons based on her request during the investigation. [D.E. 104; Ex. B.]. Furthermore, FM explains that Document 00354 "was **created** in response to [Ms. Perttunen's] request for information pertaining to an ongoing legal investigation." [D.E. 104 at 4] [emphasis added].

On this record, this Court finds that Document 00354 is protected by the attorney-client privilege because: (1) FM sought legal advice from in-house counsel; (2) Ms. Perttunen is a professional legal advisor; (3) Document 00354 is a communication relating to that purpose; (4) the communication was made in confidence; and (5) the communication was made by the client, FM. *See Provenzano*, 3 F. Supp. 2d at 1366 (establishing the elements of the attorney-client privilege).

Consequently, Document 00354 is covered by the attorney-client privilege because it constitutes a "communication" between a client and an attorney that was created in response to an ongoing legal investigation. *See Philadelphia*, 205 F. Supp at 831 (explaining the difference between a "communication" and a "fact" for the

purpose of the attorney-client privilege); *See also Lott v. Seaboard Sys. R.R., Inc.*, 109 F.R.D. 554, 556 (S.D. Ga. 1985) (stating that "since the questions propounded to Mr. Hunt sought facts and not what he had communicated to SBD's attorneys, defendant had no grounds to assert the privilege.").

Additionally, the Protective Order entered in this case expressly contemplates this type of situation where a privileged document is inadvertently produced. Paragraph 19 of the Protective Order provides:

> The inadvertent or mistaken production of Discovery Material subject to a claim of attorney-client, work product, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. A Producing Party that mistakenly or inadvertently produces Discovery Materials subject to a claim of attorney-client, work product, or other privilege may, promptly upon discovery of such disclosure, request the Receiving Party to return the Discovery Material.

[D.E. 35 at ¶ 19]. Moreover, the Federal Rules of Civil Procedure expressly provide the following controlling language:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return . . . the specified information and any copies it has.

Fed. R. Civ. P. 26(b)(5)(B). Accordingly, we find finds that FM's inadvertent production of Document 00354 does not constitute a waiver for the purpose of the attorney-client privilege.

Rally nevertheless seeks production of Document 00354 on the premise that FM waived the attorney-client privilege for failing to "promptly" request Rally to return the

document, as required by the Protective Order. Rally argues that "[f]or more than two months, FM made no claim that the document was privileged." [D.E. 87 at 7]. However, the facts reveal that FM became aware of the inadvertent production and/or mistake on April 13, 2011 and formally requested a return of the document on April 26, 2011. Although the Protective Order does not define "promptly," a thirteen-day period between April 13, 2011 and April 26, 2011 is insufficient to constitute a waiver of the privilege in the modern legal world. *See In re Southeast Banking Corp. Securities and Loan Loss Reserves Litigation*, 212 B.R. 386, 394 (S.D. Fla. 1997) (upholding a similar non-waiver provision of an agreed protective order).

Rally's final argument is equally unpersuasive. Rally attempts to argue that FM waived its privilege under the sword and shield doctrine because FM is using Document 00354 as a sword in its counterclaim by stating that "Rally's '746 Patent is invalid as being obvious under 35 U.S.C. § 103." [D.E. 87 at 9]. Rally adds that "[c]opying is evidence of non-obviousness . . . and that the jury should be allowed to evaluate that evidence when assessing FM's validity challenge to the patent." *Id.* Further, Rally states that "[FM] should not be permitted to use the privilege as a shield when alleging that it did not copy the patented device, while using it as a sword when alleging that the '746 Patent is invalid as being obvious." *Id.* However, Rally has erroneously applied the sword and shield doctrine to the present facts. *See GAB Bus. Serv., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987) (stating that "it is the rule in Florida that a party who bases a claim on matters which would be privilege, the proof of which will necessitate the introduction of privileged matter into evidence, and

then attempts to raise the privilege so as to thwart discovery, may be deemed to have waived that privilege . . .").

Here, FM has not based its counterclaim on a matter which would be privileged and has not used Document 00354 as a basis for its counterclaim. Furthermore, the "proof" needed to prove FM's counterclaim does not "necessitate the introduction" of Document 00354 into evidence. In other words, FM has not injected the issue by filing its counterclaim. Rather, it is Rally that has injected the issue of Document 00354 as a defense by stating that "[c]opying is evidence of non-obviousness." In sum, FM has not used Document 00354 as a "sword" in its counterclaim; therefore, the Court finds no waiver under this doctrine. *See, e.g., Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV, 2010 WL 384745 at *4 (S.D. Fla. Jan. 27, 2010) (holding that the issue injection doctrine does not apply if the opposing party injects the issue).

The Plaintiff Rally has also suggested *in camera* review of Document 00354 to determine whether the document is privileged and whether FM has waived the privilege through production, coupled with delay and incomplete assertion of privilege. The Court denies Rally's request for *in camera* review based upon our determination that: (1) the Protective Order is controlling over the waiver issue; (2) the thirteen day delay in requesting return of the document was not unreasonable; and (3) Ms. Perttunen's declaration establishes the required elements of the attorney-client privilege. Rally has not proffered to us any evidence that undermines the validity of Ms. Perttunen's Declaration. Rally may certainly choose to depose those persons knowledgeable of the underlying facts, which deposition may verify or undermine the

representations in the declaration. On this record, the court's review of Document 00354 appears unnecessary.

### III. CONCLUSION

Accordingly, this Court determines that Document 00354 was properly withheld from production based on the attorney-client privilege. Therefore, Rally's Motion to Compel production of Document 00354 and Rally's request for an *in camera* review is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of July, 2011.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge